1  RUDOLPH LAW FIRM
   Gary B. Rudolph, Esq. (#101921)
2  864 Grand Avenue - P.O. Box 433
   San Diego, CA 92109
3  Tel. & Fax Nos: (858) 412-6822
   Cell No.: (619) 517-7641
4  E-mail: grudolph1@san.rr.com

5  Attorney for Plaintiff Gerald H. Davis, Chapter 7 Trustee

6

7

8               **UNITED STATES BANKRUPTCY COURT**

9               **SOUTHERN DISTRICT OF CALIFORNIA**

10 In re                          )Case No. 07-06112-A7

11 STEELE FRAME BUILDING          )Adv. Proc. No. 09-90417-LA
   SYSTEMS, INC.,                 )
12                                )**FIRST AMENDED COMPLAINT FOR**
                    Debtor.       )**AVOIDANCE AND RECOVERY OF**
13                                )**PREFERENTIAL AND FRAUDULENT**
                                  )**TRANSFERS OF PROPERTY AND**
14 _____ )**FOR TURNOVER AND OTHER**
                                  )**RELIEF [11 U.S.C. §§ 542, 544, 547,**
15 GERALD H. DAVIS, TRUSTEE,      )**548, 550 AND CALIFORNIA CIVIL CODE**
                                  )**§§ 3439.04 AND 3439.05]**
16                   Plaintiff,   )

17 v.                             )

18 THE ASHLEY 1989 TRUST UNDER    )
   DECLARATION OF TRUST DATED     )
19 AUGUST 11, 1989, MELANIE JOY   )
   KELLY, SUCCESSOR TRUSTEE;      )
20 JAMES L.  DALEY, an individual; )
   JULIA LYNN KIRBY, an individual;)
21 SHAWN SETTERBERG, an individual;)
   and MICHELLE SETTERBERG, an    )
22 individual,                    )
                                  )
23                  Defendants.   )
   _____ )

24

25     Plaintiff, Gerald H. Davis, Chapter 7 Trustee ("Plaintiff"), alleges as follows:

26                    **JURISDICTION AND VENUE**

27     1.    This adversary proceeding is brought pursuant to 11 U.S.C. §§ 542, 544, 547,

28 548 and 550 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

                            - 1 -                Steele Frame/FirstAmndCmplt.wpd

2.   This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b) in that it arises under Title 11 of the United States Code ("The Bankruptcy Code").

3.   Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff states this adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

4.   Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5.   On October 31, 2007, Steele Frame Building Systems, Inc. filed the instant petition under Title 11, Chapter 7 of the United States Bankruptcy Code as case no. 07-06112-A7 (the "Bankruptcy Case").

**PARTIES**

6.   Plaintiff is the duly appointed Chapter 7 Trustee in this Bankruptcy Case.

7.   Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Steele Frame Building Systems, Inc. ("Debtor") was and is a corporation organized and existing under the laws of the State of California conducting business in the County of San Diego, State of California.

8.   Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendant The Ashley 1989 Trust Dated August 11, 1989, Melanie Joy Kelly, Successor Trustee ("Ashley Trust") was and is a trust organized and existing under the laws of the State of California conducting business in the County of San Diego, State of California.

9.   Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendant James L. Daley ("Daley") was a resident of the County of San Diego, State of California.

10.   Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendant Daley was the President of the Debtor and therefore, an insider of the Debtor under 11 U.S.C. §101(31)(B).

Steele Frame/FirstAmndCmplt.wpd

11.    Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendant Shawn Setterberg ("SS") was a resident of the County of San Diego, State of California and the son of Defendant Daley.

12.    Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendant Michelle Setterberg ("MS") was a resident of the County of San Diego, State of California and the daughter in law of Defendant Daley.

13.    Plaintiff is informed and believes and thereon alleges, that at all times mentioned herein, Defendant Julia Lynn Kirby was a resident of the County of San Diego, State of California.

## FACTS

14.    Plaintiff is informed and believes and on that basis alleges, that on or about November 23, 2005, Debtor obtained a $100,000, loan from the Ashley Trust secured by a Deed of Trust encumbering the Debtor's sole asset, an 82.94 acre parcel of vacant land located in Alpine, California ("Property"). A copy of the Deed of Trust recorded November 23, 2005 with the office of the San Diego County Recorder as Instrument No. 2005-1015185 is attached hereto as Exhibit "A" and incorporated herein by reference.

15.    Plaintiff is informed and believes and on that basis alleges, that on or about October 2, 2006, Debtor obtained a $250,000 loan from Julia Lynne Kirby, an unmarried woman, secured by a Deed of Trust encumbering the Property. A copy of the Deed of Trust recorded October 11, 2006 with the office of the San Diego County Recorder as Instrument No. 2006-0721695 is attached hereto as Exhibit "B" and incorporated herein by reference.

16.    Plaintiff is informed and believes and on that basis alleges, that on or about December 29, 2006, Debtor allegedly obtained a $558,000, loan from Shawn Setterberg and Michelle Setterberg, husband and wife as Joint Tenants as to a 25% interest and James L. Daley a married man as his sole and separate property as to a 75% interest, as tenants in common secured by a Deed of Trust encumbering the Property recorded January 11, 2007 with the office of the San Diego County Recorder as Instrument No. 2007-0023446. A copy of the Deed of Trust recorded January 11, 2007 with the office of the San Diego County

Steele Frame/FirstAmndCmplt.wpd

1   Recorder as Instrument No. 2007-0023446 is attached hereto as Exhibit "C" and
2   incorporated herein by reference.

3       17.    Plaintiff is informed and believes and on that basis alleges, that on or about
4   August 20, 2007, Debtor obtained a $350,000, loan from the Ashley Trust encumbering the
5   Property. A copy of the Deed of Trust recorded August 20, 2007 with the office of the San
6   Diego County Recorder as Instrument No. 2007-0554414 is attached hereto as Exhibit "D"
7   and incorporated herein by reference.

8       18.    Plaintiff is informed and believes and thereon alleges, that on or about October
9   2006, Darren and Dominique Tharp ("Tharp") commenced litigation against the Debtor for
10  recision and damages stemming from their attempted purchase of the property. Plaintiff is
11  further informed and believes that a judgment was rendered in Tharp's favor on or about
12  August 30, 2007 in the approximate amount of $550,000. Plaintiff is further advised that
13  the Tharps recorded a notice of judgment lien on or about September 24, 2007, and that the
14  Debtor's bankruptcy filing precluded the Tharp's recordation of an abstract of judgment.

15      19.    Plaintiff is informed and believes and on that basis alleges, that commencing
16  November 23, 2005 through the date of filing of the petition, Debtor made various transfers
17  to Daley in the approximate total sum of $575,777.00.

18  **FIRST CLAIM FOR RELIEF**

19  **(To Avoid Preferential Transfers Pursuant to 11 U.S.C.**

20  **§§547 and 550 Against Defendant Ashley Trust)**

21      20.    Plaintiff repeats and incorporates herein by this reference the allegations
22  contained in paragraphs 1-19 inclusive, of this Complaint.

23      21.    Plaintiff is informed and believes and on that basis alleges, that on or about
24  August 20, 2007, Debtor transferred the sum of $124,000, to the Ashley Trust in satisfaction
25  of the November 23, 2005 Deed of Trust. A copy of the Full Reconveyance of the
26  November 23, 2005 Deed of Trust recorded August 20, 2007 with the office of the San
27  Diego County Recorder as Instrument No. 2007-0554412 is attached hereto as Exhibit "E"
28  and incorporated herein by reference.

22.     Plaintiff is informed and believes, and on that basis alleges, that the transfer of approximately $124,000, made by Debtor to the Ashley Trust on August 20, 2007 as referenced in the above paragraph 21 represented the transfer of an interest of the Debtor in property:

       (1)     to or for the benefit of a creditor;

       (2)     for or on account of an antecedent debt owed by the Debtor before such transfer was made;

       (3)     made while the Debtor was insolvent;

       (4)     made —

              (a)     on or within 90 days before the date of the filing of the petition; or

              (b)     between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

       (5)     that enables such creditor to receive more than such creditor would receive if —

              (a)     the case were a case under chapter 7 of this title;

              (b)     the transfer had not been made; and

              (c)     such creditor received payment of such debt to the extent provided by the provisions of this title.

23.     Plaintiff seeks to avoid the transfer of $124,000, referenced in the above paragraph 21 of this Complaint, and recover, for the benefit of the estate, the property transferred, or, if the Court so orders, the value of such property, from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee.

## SECOND CLAIM FOR RELIEF

**(To Avoid Preferential Transfers Pursuant to 11 U.S.C.**

Steele Frame/FirstAmndCmplt.wpd

**§§547 and 550 Against Defendant Daley)**

24.    Plaintiff repeats and incorporates herein by this reference the allegations contained in paragraphs 1-19, inclusive, of this Complaint.

25.    Plaintiff is informed and believes, and on that basis alleges, that on or about August 20, 2007, Debtor transferred the approximate sum of $225,777, to Daley.

26.    Plaintiff is informed and believes, and on that basis alleges, that the transfer of approximately $225,777, made by Debtor to Daley on or about August 20, 2007 as referenced in the above paragraph 25 represented the transfer of an interest of the Debtor in property

    (1)    to or for the benefit of a creditor;

    (2)    for or on account of an antecedent debt owed by the Debtor before such transfer was made;

    (3)    made while the Debtor was insolvent;

    (4)    made —

        (a)    on or within 90 days before the date of the filing of the petition; or

        (b)    between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

    (5)    that enables such creditor to receive more than such creditor would receive if —

        (a)    the case were a case under chapter 7 of this title;

        (b)    the transfer had not been made; and

        (c)    such creditor received payment of such debt to the extent provided by the provisions of this title.

27.    Plaintiff seeks to avoid the transfer of approximately $225,777 referenced in the above paragraph 25 of this Complaint, and recover, for the benefit of the estate, the property transferred, or, if the Court so orders, the value of such property, from (a) the initial

Steele Frame/FirstAmndCmplt.wpd

1 | transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any

2 | immediate or mediate transferee of such initial transferee.

3 | ### THIRD CLAIM FOR RELIEF

4 | **(To Avoid Fraudulent Transfer of Property Pursuant to 11 U.S.C. § 544 and**

5 | **California Civil Code §3439.04 - Against Defendant Daley)**

6 | 28.    Plaintiff realleges and incorporates herein by this reference the allegations

7 | contained in paragraphs 1 through 19, inclusive, of this Complaint.

8 | 29.    Plaintiff is informed and believes and on that basis alleges that commencing

9 | November 23, 2005 through the date of filing of the petition, Debtor made various transfers

10 | to Daley or Daley related entities in the approximate total sum of $575,777.00.

11 | 30.    Plaintiff is informed and believes, and on that basis alleges, that Plaintiff is

12 | a hypothetical lien creditor pursuant to 11 U.S.C. §544.

13 | 31.    Plaintiff is informed and believes, and on that basis alleges, that the transfers

14 | made by the Debtor to Daley of $575,777.00, as alleged in paragraph 27 herein were made:

15 | (i)    With actual intent to hinder, delay or defraud any

16 | creditors of the Debtor.

17 | (ii)    Without receiving any reasonably equivalent value in exchange for the

18 | transfer or obligation, and the Debtor either:

19 | (a)    Was engaged or was about to engage in a business or

20 | transaction for which the remaining assets of the Debtor were

21 | unreasonably small in relation to the business or transaction;

22 | (b)    Intended to incur, or believed or reasonably should have

23 | believed that Debtor would incur, debts beyond its ability to pay as

24 | they became due.

25 | 32.    Plaintiff is informed and believes, and on that basis alleges, that the transfers

26 | of $575,777.00, referenced in paragraph 29 herein were fraudulent as to a creditor, whether

27 | the creditor arose before or after the transfer was made or the obligation was incurred and

28 | the Plaintiff is authorized to avoid the transfer and to recover judgment for the value of the

- 7 -

1  asset transferred or the amount necessary to satisfy the creditor's claims whichever is less

2  with said judgment being entered against the first transferee of the asset or the person for

3  whose benefit the transfer was made or any subsequent transferee other than a good faith

4  transferee who took for value or from any subsequent transferee.

## FOURTH CLAIM FOR RELIEF

**(To Avoid Fraudulent Transfer of Property Pursuant to 11 U.S.C. §544 and California Civil Code §3439.05 - Against Defendant Daley)**

8      33.    Plaintiff realleges and incorporates herein by this reference the allegations

9  contained in paragraphs 1 through 19, and 29, inclusive, of this Complaint.

10      34.    Plaintiff is informed and believes, and on that basis alleges, that the transfers

11  of approximately $575,777.00, referenced in the above paragraph 29 herein were fraudulent

12  as to a creditor whose claim arose before the transfer was made or the obligation was

13  incurred if the Debtor made the transfer or incurred the obligation without receiving

14  reasonably equivalent value in exchange for the transfer or obligation and the Debtor was

15  insolvent at that time or the Debtor became insolvent as a result thereof.

16      35.    Plaintiff is informed and believes, and on that basis alleges, that the transfers

17  of approximately $575,777.00, referenced in the above paragraph 29 herein were fraudulent

18  and the Plaintiff is authorized to avoid the transfer and to recover judgment for the value of

19  the asset transferred or the amount necessary to satisfy the creditor's claims whichever is

20  less with said judgment being entered against the first transferee of the asset or the person

21  for whose benefit the transfer was made or any subsequent transferee other than a good faith

22  transferee who took for value or from any subsequent transferee.

## FIFTH CLAIM FOR RELIEF

**(To Avoid Fraudulent Transfer of Property Pursuant to 11 U.S.C. § 548 Against Defendant Daley)**

26      36.    Plaintiff realleges and incorporates herein by this reference the allegations

27  contained in paragraphs 1 through 19 and 29, inclusive, of this Complaint.

28

Steele Frame/FirstAmndCmplt.wpd

37.     Plaintiff is informed and believes, and on that basis alleges, that the transfers of approximately $575,777.00, referenced in the above paragraph 29 herein were fraudulent conveyances pursuant to 11 U.S.C. Section 548, as the Debtor,

(A)     Made such transfers or incurred such obligations with actual intent to hinder, delay or defraud any entity to which the Debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or

(B)     Received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(C)     Was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(D)     Was engaged in business or transaction or was about to engage in business or transaction for which any property remaining with the Debtor was an unreasonably small capital; or

(E)     Intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

38.     Plaintiff is informed and believes, and on that basis alleges, that pursuant to 11 U.S.C. Section 550, Plaintiff may avoid the transfers of $575,777, set forth in the above in the above paragraph 29 herein and recover the sums transferred, or if the court so orders, from the initial transferee of such transfer or the entity for whose benefit the transfer was made or any immediate or mediate transferee as such initial transferee.

## SIXTH CLAIM FOR RELIEF

**(To Avoid Fraudulent Transfer of Property Pursuant to 11 U.S.C. § 544 and California Civil Code §3439.04 - Against Defendant SS and MS)**

39.     Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 19, inclusive, of this Complaint.

40.     Plaintiff is informed and believes, and on that basis alleges, that Plaintiff is a hypothetical lien creditor pursuant to 11 U.S.C. §544.

Steele Frame/FirstAmndCmplt.wpd

41.   Plaintiff is informed and believes, and on that basis alleges, that the transfer of a 25% interest in the subject Property to SS and MS to secure a loan to the Debtor in the sum of $558,000, as alleged in paragraph 16 herein was made:

    (A)   With actual intent to hinder, delay or defraud any creditors of the Debtor.

    (B)   Without receiving any reasonably equivalent value in exchange for the transfer or obligation, and the Debtor either:

        (i)   Was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

        (ii)   Intended to incur, or believed or reasonably should have believed that Debtor would incur, debts beyond its ability to pay as they became due.

42.   Plaintiff is informed and believes, and on that basis alleges, that the transfer referenced in paragraph 16 herein was fraudulent as to a creditor, whether the creditor arose before or after the transfer was made or the obligation was incurred and the Plaintiff is authorized to avoid the transfer and to recover judgment for the value of the asset transferred or the amount necessary to satisfy the creditor's claims whichever is less with said judgment being entered against the first transferee of the asset or the person for whose benefit the transfer was made or any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee.

**SEVENTH CLAIM FOR RELIEF**

**(To Avoid Fraudulent Transfer of Property Pursuant to 11 U.S.C. §544 and California Civil Code §3439.05 - Against Defendants SS and MS)**

43.   Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 19, inclusive, of this Complaint.

44.   Plaintiff is informed and believes, and on that basis alleges, that the transfer of a 25% interest in the subject Property to SS and MS to secure a loan to the Debtor in the

Steele Frame/FirstAmndCmplt.wpd

1   sum of $558,000, as alleged in paragraph 16 herein was fraudulent as to a creditor whose
2   claim arose before the transfer was made or the obligation was incurred if the Debtor made
3   the transfer or incurred the obligation without receiving reasonably equivalent value in
4   exchange for the transfer or obligation and the Debtor was insolvent at that time or the
5   Debtor became insolvent as a result thereof.

6       45.    Plaintiff is informed and believes, and on that basis alleges, that the transfer
7   referenced in the above paragraph 16 herein was fraudulent and the Plaintiff is authorized
8   to avoid the transfer and to recover judgment for the value of the asset transferred or the
9   amount necessary to satisfy the creditor's claims whichever is less with said judgment being
10  entered against the first transferee of the asset or the person for whose benefit the transfer
11  was made or any subsequent transferee other than a good faith  transferee who took for
12  value or from any subsequent transferee.

### EIGHTH CLAIM FOR RELIEF

### (To Avoid Fraudulent Transfer of Property Pursuant to 11 U.S.C. § 548
### Against Defendants SS and MS)

16      46.    Plaintiff realleges and incorporates herein by this reference the allegations
17  contained in paragraphs 1 through 19 of this Complaint.

18      47.    Plaintiff is informed and believes, and on that basis alleges, that the transfer
19  of a 25% interest in the subject Property to SS and MS to secure a loan to the Debtor in the
20  sum of $558,000, as alleged in paragraph 15 herein was a fraudulent conveyance pursuant
21  to 11 U.S.C. Section 548, as the Debtor:

22          (A)    Made such transfer or incurred such obligation with actual intent to
23  hinder, delay or defraud any entity to which the Debtor was or became, on or after the date
24  that such transfer was made or such obligation was incurred, indebted; or

25          (B)    Received less than a reasonably equivalent value in exchange for such
26  transfer or obligation; and

27          (C)    Was insolvent on the date that such transfer was made or such
28  obligation was incurred, or became insolvent as a result of such transfer or obligation;

Steele Frame/FirstAmndCmplt.wpd

1            (D)    Was engaged in business or transaction or was about to engage in

2    business or transaction for which any property remaining with the Debtor was an

3    unreasonably small capital; or

4            (E)    Intended to incur, or believed that the Debtor would incur, debts that

5    would be beyond the Debtor's ability to pay as such debts matured.

6        48.    Plaintiff is informed and believes, and on that basis alleges, that pursuant to

7    11 U.S.C. Section 550, Plaintiff may avoid the transfer set forth in the above paragraph 15

8    herein and recover the value of the interest transferred, or if the court so orders, from the

9    initial transferee of such transfer or the entity for whose benefit the transfer was made or any

10    immediate or mediate transferee as such initial transferee.

11    **NINTH CLAIM FOR RELIEF**

12    **(To Avoid Fraudulent Transfer of Property Pursuant to 11 U.S.C. § 544 and**

13    **California Civil Code §3439.04 - Against Defendant Kirby)**

14        49.    Plaintiff realleges and incorporates herein by this reference the allegations

15    contained in paragraphs 1 through 19, inclusive, of this Complaint.

16        50.    Plaintiff is informed and believes, and on that basis alleges, that Plaintiff is

17    a hypothetical lien creditor pursuant to 11 U.S.C. §544.

18        51.    Plaintiff is informed and believes, and on that basis alleges, that the transfer

19    of an interest in the subject Property to Kirby to secure a loan to the Debtor in the sum of

20    $250,000, as alleged in paragraph 15 herein was made:

21            (A)    With actual intent to hinder, delay or defraud any

22                    creditors of the Debtor.

23            (B)    Without receiving any reasonably equivalent value in exchange for the

24                    transfer or obligation, and the Debtor either:

25                    (i)    Was engaged or was about to engage in a business or

26                        transaction for which the remaining assets of the Debtor were

27                        unreasonably small in relation to the business or transaction; or

28

Steele Frame/FirstAmndCmplt.wpd

(ii)     Intended to incur, or believed or reasonably should have believed that Debtor would incur, debts beyond its ability to pay as they became due.

52.     Plaintiff is informed and believes, and on that basis alleges, that the transfer referenced in paragraph 15 herein was fraudulent as to a creditor, whether the creditor arose before or after the transfer was made or the obligation was incurred and the Plaintiff is authorized to avoid the transfer and to recover judgment for the value of the asset transferred or the amount necessary to satisfy the creditor's claims whichever is less with said judgment being entered against the first transferee of the asset or the person for whose benefit the transfer was made or any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee.

**TENTH CLAIM FOR RELIEF**

**(To Avoid Fraudulent Transfer of Property Pursuant to 11 U.S.C. §544 and California Civil Code §3439.05 - Against Defendant Kirby)**

53.     Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 19, inclusive, of this Complaint.

54.     Plaintiff is informed and believes, and on that basis alleges, that the transfer of an interest in the subject Property to Kirby to secure a loan to the Debtor in the sum of $250,000, as alleged in paragraph 15 herein was fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the Debtor made the transfer or incurred the obligation without receiving reasonably equivalent value in exchange for the transfer or obligation and the Debtor was insolvent at that time or the Debtor became insolvent as a result thereof.

55.     Plaintiff is informed and believes, and on that basis alleges, that the transfer referenced in the above paragraph 15 herein was fraudulent and the Plaintiff is authorized to avoid the transfer and to recover judgment for the value of the asset transferred or the amount necessary to satisfy the creditor's claims whichever is less with said judgment being entered against the first transferee of the asset or the person for whose benefit the transfer

Steele Frame/FirstAmndCmplt.wpd

1  was made or any subsequent transferee other than a good faith  transferee who took for

2  value or from any subsequent transferee.

3  **ELEVENTH CLAIM FOR RELIEF**

4  **(To Avoid Fraudulent Transfer of Property Pursuant to 11 U.S.C. § 548**

5  **Against Defendant Kirby)**

6  56.    Plaintiff realleges and incorporates herein by this reference the allegations

7  contained in paragraphs 1 through 19 of this Complaint.

8  57.    Plaintiff is informed and believes, and on that basis alleges, that the transfer

9  of an interest in the subject Property to Kirby to secure a loan to the Debtor in the sum of

10  $250,000, as alleged in paragraph 15 herein was a fraudulent conveyance pursuant to 11

11  U.S.C. Section 548, as the Debtor:

12  (A)    Made such transfer or incurred such obligation with actual intent to

13  hinder, delay or defraud any entity to which the Debtor was or became, on or after the date

14  that such transfer was made or such obligation was incurred, indebted; or

15  (B)    Received less than a reasonably equivalent value in exchange for such

16  transfer or obligation; and

17  (C)    Was insolvent on the date that such transfer was made or such

18  obligation was incurred, or became insolvent as a result of such transfer or obligation;

19  (D)    Was engaged in business or transaction or was about to engage in

20  business or transaction for which any property remaining with the Debtor was an

21  unreasonably small capital; or

22  (E)    Intended to incur, or believed that the Debtor would incur, debts that

23  would be beyond the Debtor's ability to pay as such debts matured.

24  58.    Plaintiff is informed and believes, and on that basis alleges, that pursuant to

25  11 U.S.C. Section 550, Plaintiff may avoid the transfer set forth in the above paragraph 15

26  herein and recover the value of the interest transferred, or if the court so orders, from the

27  initial transferee of such transfer or the entity for whose benefit the transfer was made or any

28  immediate or mediate transferee as such initial transferee.

Steele Frame/FirstAmndCmplt.wpd

## TWELFTH CLAIM FOR RELIEF

### (For Turnover of Property the Estate Pursuant to 11 U.S.C. § 542

### Against Defendants Ashley Trust, Daley, Kirby, SS and MS)

59.    Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 19, 21, 25 and 29 inclusive of this Complaint.

60.    The transfers referenced herein in paragraphs 14-19, 23 and 27 are transfers of the Debtor's estate under 11 U.S.C. § 541 which Plaintiff is entitled to use in his administration of his estate.

61.    Defendants Ashley Trust, Daley, Kirby, SS and MS have a duty to turn over all estate property pursuant to 11 U.S.C. § 542(a).

62.    By this complaint, Plaintiff demands that Ashley Trust, Daley, SS and MS turn over all right, title and interest in all sums or assets transferred according to proof at the time of trial plus interest at the legal rate.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

## FIRST CLAIM FOR RELIEF

### (Against Defendant Ashley Trust)

1.    That the transfer of $124,000, by Debtor to or for the benefit of Defendant Ashley Trust be avoided as a preferential transfer.

2.    That Plaintiff may recover for the benefit of the estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee.

3.    For interest and costs of suit and attorneys' fees, if appropriate.

4.    For such other and further relief as the Court deems just and proper.

///

///

///

- 15 -

Steele Frame/FirstAmndCmplt.wpd

## SECOND CLAIM FOR RELIEF

### (Against Defendant Daley)

1.     That the transfer of $225,777, by Debtor to or for the benefit of Defendant Daley be avoided as a preferential transfer.

2.     That Plaintiff may recover for the benefit of the estate, the property transferred, or if the Court so orders the value of such property from (a) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or (b) any immediate or mediate transferee of such initial transferee.

3.     For interest and costs of suit and attorneys' fees, if appropriate.

4.     For such other and further relief as the Court deems just and proper.

## THIRD CLAIM FOR RELIEF

### (Against Defendant Daley)

1.     That judgment be entered in favor of the Plaintiff, that the transfers of $575,777, by Debtor to or for the benefit of Daley be avoided as fraudulent transfers pursuant to California Civil Code §3439.04.

2.     That judgment be entered in favor of the Plaintiff for the benefit of the estate and against Daley ordering Daley to turnover to the Plaintiff the funds transferred to or for the benefit of Daley by the Debtor or, if the court so orders, enter judgment in favor of the Plaintiff for the benefit of the estate and against Daley for the value of the funds in accordance with proof at trial or the amount necessary to satisfy the Plaintiff's claim whichever is less to be recovered from the first transferee of the funds or the person for whose benefit the transfer was made or any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee.

3.     For interest and costs of suit and attorneys' fees, if appropriate.

4.     For such other and further relief as the court deems just and proper.

/ / /

/ / /

/ / /

Steele Frame/FirstAmndCmplt.wpd

## FOURTH CLAIM FOR RELIEF

### (Against Defendant Daley)

1.    That judgment be entered in favor of the Plaintiff, that the transfers of $575,777, by Debtor to or for the benefit of Daley be avoided as fraudulent transfers pursuant to California Civil Code §3439.05.

2.    That judgment be entered in favor of the Plaintiff for the benefit of the estate and against Daley ordering Daley to turnover to the Plaintiff the funds transferred to or for the benefit of Daley by the Debtors or, if the court so orders, enter judgment in favor of the Plaintiff for the benefit of the estate and against Daley for the value of the aforesaid funds in accordance with proof at trial or the amount necessary to satisfy the Plaintiff's claim whichever is less to be recovered from the first transferee or the person for whose benefit the transfer was made or any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee.

3.    For interest and costs of suit and attorneys' fees, if appropriate.

4.    For such other and further relief as the court deems just and proper.

## FIFTH CLAIM FOR RELIEF

### (Against Defendant Daley )

1.    That judgment be entered in favor of the Plaintiff, that the transfers of $575,777, by Debtor to or on behalf of Daley be avoided as fraudulent transfers pursuant to 11 U.S.C. §548.

2.    That judgment be entered in favor of the Plaintiff for the benefit of the estate and against Daley ordering Daley to turnover to the Trustee the funds transferred to or for the benefit of Daley by the Debtor or, if the court so orders, enter judgment in favor of the Plaintiff for the benefit of the estate and against Daley, whether Daley was the initial transferee of such transfer or the entity for whose benefit such transfer was made or an immediate or mediate transferee of such initial transferee.

3.    For interest and costs of suit and attorneys' fees, if appropriate.

4.    For such other and further relief as the court deems just and proper.

## SIXTH CLAIM FOR RELIEF

### (Against Defendants MS and SS)

1.      That judgment be entered in favor of the Plaintiff, that the transfer by Debtor as alleged in paragraph 16 above to or for the benefit of MS and SS be avoided as a fraudulent transfer pursuant to California Civil Code §3439.04.

2.      That judgment be entered in favor of the Plaintiff for the benefit of the estate and against MS and SS ordering MS and SS to turnover to the Plaintiff the sum of $558,000, or, if the court so orders, enter judgment in favor of the Plaintiff for the benefit of the estate and against MS and SS for the value of the interest transferred in accordance with proof at trial or the amount necessary to satisfy the Plaintiff's claim whichever is less to be recovered from the first transferee or the person for whose benefit the transfer was made or any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee.

3.      For interest and costs of suit and attorneys' fees, if appropriate.

4.      For such other and further relief as the court deems just and proper.

## SEVENTH CLAIM FOR RELIEF

### (Against Defendants MS and SS)

1.      That judgment be entered in favor of the Plaintiff, that the transfer by Debtor as alleged in paragraph 16 above to or for the benefit of MS and SS be avoided as a fraudulent transfer pursuant to California Civil Code §3439.05.

2.      That judgment be entered in favor of the Plaintiff for the benefit of the estate and against MS and SS ordering MS and SS to turnover to the Plaintiff $558,000, or if the court so orders, enter judgment in favor of the Plaintiff for the benefit of the estate and against MS and SS and for the value of the interest transferred in accordance with proof at trial or the amount necessary to satisfy the Plaintiff's claim whichever is less to be recovered from the first transferee or the person for whose benefit the transfer was made or any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee.

Steele Frame/FirstAmndCmplt.wpd

3.    For interest and costs of suit and attorneys' fees, if appropriate.

4.    For such other and further relief as the court deems just and proper.

## EIGHTH CLAIM FOR RELIEF

### (Against Defendants MS and SS )

1.    That judgment be entered in favor of the Plaintiff, that the transfer by Debtor as alleged in paragraph 16 above to or on behalf of SS and MS be avoided as a fraudulent transfer pursuant to 11 U.S.C. §548.

2.    That judgment be entered in favor of the Plaintiff for the benefit of the estate and against Daley ordering Daley to turnover to the Trustee the sum of $558,000, or the value of the interest in the Property transferred to or for the benefit of MS and SS by the Debtor or, if the court so orders, enter judgment in favor of the Plaintiff for the benefit of the estate and against MS and SS, whether MS and SS were the initial transferee of such transfer or the entity for whose benefit such transfer was made or an immediate or mediate transferee of such initial transferee.

3.    For interest and costs of suit and attorneys' fees, if appropriate.

4.    For such other and further relief as the court deems just and proper.

## NINTH CLAIM FOR RELIEF

### (Against Defendant Kirby)

1.    That judgment be entered in favor of the Plaintiff that the transfer by Debtor to Defendant Kirby as alleged in Paragraph 15 in the sum of $250,000 be avoided as a fraudulent transfer pursuant to 11 U.S.C. § 548.

2.    That judgment be entered in favor of the Plaintiff for the benefit of the estate requiring Defendant Daley to turn over to the Plaintiff the sum of $575,777, as alleged herein in accordance with 11 U.S.C. § 542.

3.    That judgment be entered in favor of the Plaintiff for the benefit of the estate requiring Defendants SS and MS to turn over to the Plaintiff the sum of $558,000 or the value of the 25% interest in the Property transferred as alleged herein in accordance with 11 U.S.C. § 542.

Steele Frame/FirstAmndCmplt.wpd

3.    For interest, cost of suit and attorneys' fees, if appropriate.

4.    For such other and further relief as the Court deems just and proper.

## TENTH CLAIM FOR RELIEF

### (Against Defendants Kirby)

1.    That judgment be entered in favor of the Plaintiff, that the transfer by Debtor as alleged in paragraph 15 above to or for the benefit of Kirby be avoided as a fraudulent transfer pursuant to California Civil Code §3439.04.

2.    That judgment be entered in favor of the Plaintiff for the benefit of the estate and against MS and SS ordering Kirby to turnover to the Plaintiff the sum of $558,000, or, if the court so orders, enter judgment in favor of the Plaintiff for the benefit of the estate and against MS and SS for the value of the interest transferred in accordance with proof at trial or the amount necessary to satisfy the Plaintiff's claim whichever is less to be recovered from the first transferee or the person for whose benefit the transfer was made or any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee.

3.    For interest and costs of suit and attorneys' fees, if appropriate.

4.    For such other and further relief as the court deems just and proper.

## ELEVENTH CLAIM FOR RELIEF

### (Against Defendants Kirby)

1.    That judgment be entered in favor of the Plaintiff, that the transfer by Debtor as alleged in paragraph 15 above to or for the benefit of MS and SS be avoided as a fraudulent transfer pursuant to California Civil Code §3439.05.

2.    That judgment be entered in favor of the Plaintiff for the benefit of the estate and against MS and SS ordering Kirby to turnover to the Plaintiff $558,000, or if the court so orders, enter judgment in favor of the Plaintiff for the benefit of the estate and against MS and SS and for the value of the interest transferred in accordance with proof at trial or the amount necessary to satisfy the Plaintiff's claim whichever is less to be recovered from the first transferee or the person for whose benefit the transfer was made or any subsequent

Steele Frame/FirstAmndCmplt.wpd

1 transferee other than a good faith transferee who took for value or from any subsequent
2 transferee.

3     3.     For interest and costs of suit and attorneys' fees, if appropriate.

4     4.     For such other and further relief as the court deems just and proper.

5 **TWELFTH CLAIM FOR RELIEF**

6 **(Against Defendants all Defendants)**

7     1.     That judgment be entered in favor of the Plaintiff, that all transfers by Debtor
8 as alleged in the Complaint to Defendants be avoided and turned over by Defendants to
9 Plaintiff pursuant to 11 U.S.C. §542.

10     2.     That judgment be entered in favor of the Plaintiff for the benefit of the estate
11 and against Daley ordering Daley to turnover to the Trustee the sum subject to proof at trial,
12 or the value of the interest in the Property transferred to or for the benefit of Defendants by
13 the Debtor or, if the court so orders, enter judgment in favor of the Plaintiff for the benefit
14 of the estate and against MS and SS, whether MS and SS were the initial transferee of such
15 transfer or the entity for whose benefit such transfer was made or an immediate or mediate
16 transferee of such initial transferee.

17     3.     For interest and costs of suit and attorneys' fees, if appropriate.

18     4.     For such other and further relief as the court deems just and proper.

19

20 Dated: October 26, 2009         RUDOLPH LAW FIRM

21

22 By: /s/ Gary B. Rudolph
        Gary B. Rudolph , Esq.,
23         Attorneys for Plaintiff, Gerald H. Davis,
        Chapter 7 Trustee

24

25

26

27

28

    Steele Frame/FirstAmndCmplt.wpd

**EXHIBIT "A"**

**Recorded Request**
**FIDELITY NATIONAL TITLE**

REALTY & MORTGAGE CO., FORM 74-8-6E
DEED OF TRUST AND ASSIGNMENT OF RENTS

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

REALTY & MORTGAGE CO.
7777 Alvarado Road, Suite 271
La Mesa, California 91941-3645

Fidelity Title

ESCROW NO. 2681    TITLE NO. 255535-6

DOC # 2005-1015185

NOV 23, 2005    8:00 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:      28.00    WAYS:     2
PAGES:        5    DA:       1

2005-1015185

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## 3752

## DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (SHORT FORM)

This DEED OF TRUST, made    November 23, 2005    , between

**Steel Frame Building Systems, Inc., J. L. Daley, President**    herein called TRUSTOR,

whose address is **211 Bullard Lane, Alpine, Ca. 91901**
(Number and Street)                                          (City)                                          (State)

**REAL PROPERTY TRUST DEED CORPORATION**, a California corporation, herein called TRUSTEE, and
**The Ashley 1989 Trust under Declaration of Trust dated August 11, 1989**
**Melanie Joy Kelley, Successor Trustee**

, herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in trust, with power of sale, that property in the

County of   **San Diego**                                    , State of California, described as:
**AS PER LEGAL ATTACHED AND MADE A PART HERETO: APN 399-02-005 + Easement**

together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $ **100,000.00**                          with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Orange County August 17, 1964, and in all other counties August 18, 1964, in the book

## (continued on reverse side)

Page 1 of 4

EXHIBIT A

and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of each county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 36 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 5039 | 124 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 861 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 185 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego | SERIES 5 | Book 1964, Page 149774 | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties, and printed on pages 3 and 4 hereof) are by the within reference thereto, incorporated herein and make a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefor does not exceed the maximum allowed by law.

Notwithstanding the provisions of the Fictitious Deeds of Trust referred to above, rate of interest referred to in Subdivision A, paragraph 5 and Subdivision B, paragraph 6 of the Fictitious Deeds of Trust shall be computed at the rate of interest shown in the Note secured by this Deed of Trust.

This Deed of Trust is given and accepted upon the express provision that should the property hereinbefore described, or any part thereof, be conveyed, or sold by Agreement for Sale of Real Estate, or further encumbered, either voluntarily or involuntarily or by operation of law, or if any additional advance be made under a prior encumbrance, without the written consent of the Beneficiary, then and in that event all sums secured hereby shall, at the option of the Beneficiary, become immediately due and payable.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA
COUNTY OF San Diego } ss.

On November 23, 2005 before me,
Weldon W. Griffin
personally appeared James L. Daley, aka
J. L. Daley
(personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature

**Signature of Trustor**

Steel Frame Building Systems, Inc.

President

J. L. Daley, President

WELDON W. GRIFFIN
COMM. # 1379585
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Comm. Exp. Oct. 11, 2008

(This area for official notarial seal)

(continued on next page)

EXHIBIT A

**3754**

Order No. 05-2555356

## EXHIBIT "ONE"

Parcel 1:

The South half of the Northeast Quarter of Section 25, Township 15 South, Range 1 East, San Bernardino Meridian, in the County of San Diego, State of California, according to the Official Plat thereof, and that portion of the South half of Lot 2 of Section 30, Township 15 South, Range 2 East, San Bernardino Meridian, according to Official Plat thereof, lying West of the center line of the Creek as said Creek existed August 30, 1945, described in Deed to Francis O. Lonergan, recorded December 28, 1956 in Book 6398, Page 429 of Official Records, described as a whole as follows:

Beginning at the Northwest corner of the Southwest Quarter of the Southwest Quarter of the Northwest Quarter of Section 30 Township 15 South, Range 2 East, San Bernardino Meridian; thence South 89°00'32" East 550.70 feet to a point on a non-tangent 110.00 foot radius curve concave to the Northwest, with a radial bearing of North 88°12'03" East; thence Southerly along said curve through a central angle of 49°49'37" a distance of 95.66 feet; thence South 48°01'40" West 26.12 feet to the beginning of a tangent 5.00 foot radius curve concave to the East, thence Southerly along said curve through a central angle of 82°33'04" a distance of 7.20 feet to the beginning of a tangent 40.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 28°10'32" a distance of 19.67 feet; thence South 62°41'56" East 100.09 feet to the beginning of a tangent 90.00 foot radius curve concave to the West, thence Southerly along said curve through a central angle of 92°37'30" a distance of 145.50 feet to the beginning of a tangent 30.00 foot radius curve concave to the East, thence Southerly along said curve through a central angle of 79°08'12" a distance of 41.44 feet; thence South 49°12'38" East 47.00 feet to the beginning of a tangent 135.00 foot radius curve concave to the Southwest, thence Southerly along said curve through a central angle of 27°59'25" a distance of 65.95 feet to the beginning of a tangent 105.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 46°20'37" a distance of 84.93 feet to the beginning of a tangent 135.00 foot radius curve concave to the Southwest, thence Southerly along said curve through a central angle of 39°38'42" a distance of 93.41 feet; thence South 27°55'08" East 94.00 feet to the beginning of a tangent 120.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 39°34'02" a distance of 82.87 feet; thence North 89°09'37" West 65.86 feet to a point on a non-tangent 150.00 foot radius curve concave to the Northeast, with a radial bearing of North 42°44'23" East; thence Northerly along said curve through a central angle of 19°20'29" a distance of 50.64 feet; thence North 27°55'08" West 94.00 feet to the beginning of a tangent 105.00 foot radius curve concave to the Southwest, thence Northerly along said curve through a central angle of 39°38'42" a distance of 72.65 feet to the beginning of a tangent 135.00 foot radius curve concave to the Northeast, thence Northerly along said curve through a central angle of 46°20'37" a distance of 109.19 feet to the beginning of a tangent 105.00 foot radius curve concave to the Southwest, thence Northerly along said curve through a central angle of 27°59'25" a distance of 51.29 feet; thence North 49°12'38" West 47.00 feet; thence North 40°25'30" West 416.08 feet; thence North 89°00'32" West 351.85 feet; thence South 00°42'44" West 628.74 feet; thence South 89°47'05" West 2585.99 feet; thence North 00°12'39" East 1369.75 feet; thence North 89°33'21" East 2597.65 feet; thence South 00°42'44" West 669.25 feet to the True Point of Beginning.

As described in Certificate of Compliance recorded January 13, 2005 as File No. 2005-0033200 of Official Records of San Diego County.

Parcel 2:

An easement and right of way for road and utility purposes over, under, along and across that portion of Section 30, Township 15 South, Range 2 East, San Bernardino Base and

2

(Rev. 11/17/04)

EXHIBIT A

## 3755

Order No. 05-2555356

Meridian, in the County of San Diego, State of California, according to the Official Plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County standards, the center line of said strip being described as follows:

Beginning at the Northeasterly corner of the Northwest Quarter of the Southwest Quarter of said Section 30; thence South 00°55'52" West 120.37 feet along the Easterly line of said Northwest Quarter of the Southwest Quarter to the Point of Beginning of the center line of a 22' Road Easement per Doc. No. 1999-0190104 of Official Records, thence departing said Easterly line along said center line, South 85°48'44" West 184.43 feet; thence North 89°23'37" West 98.40 feet to the beginning of a tangent 100.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06°18'37" a distance of 11.01 feet to the True Point of Beginning, also being a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as File No. 85-273609, Official Records; thence South 83°52'13" West 102.44 feet to the beginning of a tangent 200.00 foot radius curve, concave Northeasterly; thence Westerly along the arc of said curve through a central angle of 36°12'37" a distance of 126.40 feet; thence North 59°55'09" West 68.73 feet to the beginning of a tangent 100.00 foot radius curve, concave Northeasterly; thence Northwesterly along the arc of said curve through a central angle of 20°09'46" a distance of 35.19 feet; thence North 39°45'23" West 90.95 feet to a point on the Northerly line of the East 695 of the Northwest Quarter of the Southwest Quarter of Section 30, Township 15 South, Range 2 East, San Bernardino Meridian.

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Northerly line of the East 695 of the Northwest Quarter of the Southwest Quarter of Section 30, Township 15 South, Range 2 East, San Bernardino Meridian.

Parcel 3:

An easement and right of way for road and utility purposes over, under, along and across that portion of Lot 3 in Section 30, Township 15 South, Range 2 East, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to the Official Plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County standards, the center line of said strip being described as follows:

Beginning at the Northeasterly corner of the Northwest Quarter of the Southwest Quarter of said Section 30; thence South 00°55'52" West 120.37 feet along the Easterly line of said Northwest Quarter of the Southwest Quarter to the True Point of Beginning of said center line; thence South 85°48'44" West 184.43 feet; thence North 89°23'37" West 98.40 feet to the beginning of a tangent 100.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06°18'37" a distance of 11.01 feet to a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as File No. 85-273609 Official Records.

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Easterly line of the Northeast Quarter of the Southwest Quarter of said Section 30 and the Westerly line of said Dupree land.

Parcel 4:

An easement and right of way for road and utility purposes over, under, along and across that portion of Section 30, Township 15 South, Range 2 East, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to the Official Plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County standards, the center line of said strip being described as follows:

3

(Rev. 11/17/04)

EXHIBIT A

**3756**

Order No. 05-2555356

Beginning at the Northeasterly corner of the Northwest Quarter of the Southwest Quarter of said Section 30; thence South 00°55'52" West 120.37 feet along the Easterly line of said Northwest Quarter of the Southwest Quarter to the Point of Beginning of the center line of a 22' Road Easement Per Doc. No. 1999-0190104 of Official Records dated, March 24, 1999; thence departing said Easterly line along said center line, South 85°48'44" West 184.43 feet; thence North 89°23'37" West 98.40 feet to the beginning of a tangent 100.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06°18'37" a distance of 11.01 feet to a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as File No. 85-273609, Official Records; thence South 83°52'13" West 102.44 feet to the beginning of a tangent 200.00 foot radius curve, concave Northeasterly; thence Westerly along the arc of said curve through a central angle of 36°12'37" a distance of 126.40 feet; thence North 59°55'09" West 68.73 feet to the beginning of a tangent 100.00 foot radius curve, concave Northeasterly; thence Northwesterly along the arc of said curve through a central angle of 20°09'46" a distance of 35.19 feet; thence North 39°45'23" West 90.95 feet to the True Point of Beginning, also being a point on the Northerly line of the East 695 of the Northwest Quarter of the Southwest Quarter of Section 30, Township 15 South, Range 2 East, San Bernardino Meridian; thence North 39°45'23" West 17.39 feet to the beginning of a tangent 100.00 foot radius curve, concave Northwesterly; thence Northwesterly along the arc of said curve through a central angle of 13°28'55" a distance of 23.53 feet; thence North 53°14'18" West 291.28 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Northwesterly along the arc of said curve through a central angle of 18°20'27" a distance of 32.01 feet; thence North 71°34'45" West 149.67 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Westerly along the arc of said curve through a central angle of 09°33'09" a distance of 16.67 feet; thence North 81°07'54" West 187.66 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Northwesterly along the arc of said curve through a central angle of 29°07'19" a distance of 50.83 feet; thence South 69°44'47" West 100.19 to a point on the Westerly line of the South half of Lot 2 of Section 30, Township 15 South, Range 2 East, according to Official Plat thereof, lying West of the center line of the creek as said creek existed August 30, 1945 described in Deed to Francis O. Lonergan recorded December 28, 1956 in Book 6398, Page 429 of Official Records.

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Westerly line of said portion of Lot 2 Section 30, Township 15 South, Range 2 East, according to Official Plat thereof, lying West of the center line of the creek as said creek existed August 30, 1945 described in Deed to Francis O. Lonergan, recorded December 28, 1956 in Book 6398, Page 429 of Official Records.

Assessor's Parcel No: 403-011-31 & 399-020-05

4

(Rev. 11/17/04)

EXHIBIT A

**EXHIBIT "B"**

5

REALTY & MORTGAGE CO. FORM 74-8-6E
DEED OF TRUST AND ASSIGNMENT OF RENTS

RECORDING REQUESTED BY:

**CALIFORNIA TITLE COMPANY**
WHEN RECORDED MAIL TO:

REALTY & MORTGAGE CO.
7777 Alvarado Road, Suite 271
La Mesa, California 91941-3645

California Title
ESCROW NO. 2693    TITLE NO. 804815-33

41

**DOC # 2006-0721695**

**OCT 11, 2006    8:00 AM**
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:         25.00    WAYS:    2
PAGES:           4    DA:     1

**2006-0721695**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (SHORT FORM)

This DEED OF TRUST, made   October 2, 2006                                                 , between
**Steel Frame Building Systems, Inc., J. L. Daley, Pres.**
                                                                          herein called TRUSTOR,

whose address is  **211 Bullard Lane, Alpine, Ca. 91901**
(Number and Street)                                        (City)                                (State)

**REAL PROPERTY TRUST DEED CORPORATION**, a California corporation, herein called TRUSTEE, and

**Julia Lynne Kirby, an unmarried woman**

, herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in trust, with power of sale, that property in the

County of San Diego                                        , State of California, described as:
**80 Acres - Bullard Lane, Alpine, Ca. 91901**
**APN 403-011-31 & 399-020-05**
**AS PER LEGAL ATTACHED AND MADE A PART HERETO:**

together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $ **250,000.00**                                        with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Orange County August 17, 1964, and in all other counties August 18, 1964, in the book

## (continued on reverse side)

EXHIBIT B                Page 1 of 4

42

shall at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of each county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|--------|------|------|--------|------|------|--------|------|------|--------|------|------|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 29 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 5039 | 124 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1880 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2590 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4770 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego | SERIES 5 | Book 1964, Page 149774 | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties, and printed on pages 3 and 4 hereof) are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefor does not exceed the maximum allowed by law.

Notwithstanding the provisions of the Fictitious Deeds of Trust referred to above, rate of interest referred to is Subdivision A, paragraph 5 and Subdivision B, paragraph 6 of the Fictitious Deeds of Trust shall be computed at the rate of interest shown in the Note secured by this Deed of Trust.

This Deed of Trust is given and accepted upon the express provision that should the property hereinbefore described, or any part thereof, be conveyed, or sold by Agreement for Sale of Real Estate, or further encumbered, either voluntarily or involuntarily or by operation of law, or if any additional advance be made under a prior encumbrance, without the written consent of the Beneficiary, then and in that event all sums secured hereby shall, at the option of the Beneficiary, become immediately due and payable.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA
COUNTY OF San Diego

On October 2, 2006                                   before me,
Weldon W. Griffin, a notary public,
personally appeared James L Daley, aka
J. L. Daley

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

Steel Frame Building Systems, Inc.

J. L. Daley, Pres.

WELDON W. GRIFFIN
COMM. # 1370606
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Comm. Exp. Oct. 11, 2008

(This area for official notarial seal)

(continued on next page)

EXHIBIT B

Page 2 of 4

**43**

804815-33

**Parcel 1:**

The South half of the Northeast quarter of section 25, township 15 South, range 1 East, San Bernardino Meridian, in the County of San Diego, State of California, according to the official plat thereof, and that portion of the South half of lot 2 of section 30, township 15 South, range 2 East, San Bernardino Meridian, according to official plat thereof, lying West of the center line of the Creek as said Creek existed August 30, 1945, described in Deed to Francis O. Lonergan, recorded December 28, 1956 in book 6398, page 429 of Official Records, described as a whole as follows:

Beginning at the Northwest corner of the southwest quarter of the Southwest quarter of the Northwest quarter of section 30 township 15 South, range 2 East, San Bernardino Meridian; thence South 89° 08' 32" East 359.70 feet to a point on a non-tangent 110.00 foot radius curve concave to the Northwest, with a radial bearing of North 85° 12' 03" East; thence Southerly along said curve through a central angle of 49° 49' 37" a distance of 95.66 feet; thence South 45° 01' 40" West 26.12 feet to the beginning of a tangent 5.00 foot radius curve concave to the East, thence Southerly along said curve through a central angle of 82° 33' 04" a distance of 7.20 feet to the beginning of a tangent 40.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 28° 10' 32" a distance of 19.67 feet; thence South 62° 41' 56" East 100.69 feet to the beginning of a tangent 90.00 foot radius curve concave to the West, thence Southerly along said curve through a central angle of 92° 37' 30" a distance of 145.50 feet to the beginning of a tangent 30.00 foot radius curve concave to the East, thence Southerly along said curve through a central angle of 79° 06' 12" a distance of 41.44 feet; thence South 45° 12' 38" East 47.00 feet to the beginning of a tangent 135.00 foot radius curve concave to the Southwest, thence Southerly along said curve through a central angle of 27° 59' 23" a distance of 65.95 feet to the beginning of a tangent 105.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 46° 20' 37" a distance of 84.93 feet to the beginning of a tangent 135.00 foot radius curve concave to the Southwest, thence Southerly along said curve through a central angle of 39° 38' 42" a distance of 93.41 feet; thence South 27° 53' 06" East 94.00 feet to the beginning of a tangent 120.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 39° 34' 02" a distance of 82.87 feet; thence North 89° 09' 37" West 53.86 feet to a point on a non-tangent 150.00 foot radius curve concave to the Northeast, with a radial bearing of North 42° 44' 23" East; thence Northerly along said curve through a central angle of 19° 20' 29" a distance of 50.64 feet; thence North 27° 53' 06" West 94.00 feet to the beginning of a tangent 105.00 foot radius curve concave to the Southwest, thence Northerly along said curve through a central angle of 39° 38' 42" a distance of 72.65 feet to the beginning of a tangent 135.00 foot radius curve concave to the Northeast, thence Northerly along said curve through a central angle of 46° 20' 37" a distance of 109.19 feet to the beginning of a tangent 105.00 foot radius curve concave to the Southwest, thence Northerly along said curve through a central angle of 27° 59' 23" a distance of 51.29 feet; thence North 45° 12' 38" West 47.00 feet; thence North 46° 23' 30" West 416.00 feet; thence North 89° 08' 32" West 351.85 feet; thence South 00° 42' 44" West 628.74 feet; thence South 89° 47' 05" West 2585.99 feet; thence North 00° 12' 39" East 1369.75 feet; thence North 89° 33' 21" East 2597.65 feet; thence South 00° 42' 44" West 669.25 feet to the true point of beginning.

As described in Certificate of Compliance recorded January 13, 2005 as file no. 2005-0033200 of Official Records of San Diego County.

*Legal description Continued*

**Parcel 2:**

An easement and right of way for road and utility purposes over, under, along and across that portion of section 30, township 15 South, range 2 East, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to the official plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County standards, the center line of said strip being described as follows:

Beginning at the Northeasterly corner of the Northwest quarter of the Southwest quarter of said section 30; thence South 00° 59' 53" West 120.37 feet along the Easterly line of said Northwest quarter of the Southwest quarter to the point of beginning of the center line of a 22' Road Easement per Doc. No. 1999-0190104 of Official Records dated, March 24, 1999; thence departing said Easterly line along said center line, South 85° 43' 44" West 184.43 feet; thence North 85° 23' 37" West 98.40 feet to the beginning of a tangent 100.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06° 15' 37" a distance of 11.01 feet to the true point of beginning, also being a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as file no. 85-272609, Official Records; thence South 83° 52' 13" West 102.44 feet to the beginning of a tangent 200.00 foot radius curve, concave Northeasterly; thence Westerly along the arc of said curve through a central angle of 38° 12' 37" a distance of 126.40 feet; thence North 59° 59' 09" West 68.73 feet to the beginning of a tangent 100.00 foot radius curve, concave Northeasterly; thence Northwesterly along the arc of said curve through a central angle of 20° 09' 46" a distance of 35.19 feet; thence North 39° 49' 23" West 90.95 feet to a point on the Northerly line of the East 695 of the Northwest quarter of the Southwest quarter of section 30, township 15 South, range 2 East, San Bernardino Meridian.

Page 1 of 2

EXHIBIT B

**44**

804815-33

# Exhibit "A"

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Northerly line of the East 695 of the Northwest quarter of the Southwest quarter of section 30, township 15 South, range 2 East, San Bernardino Meridian.

Parcel 3:

An easement and right of way for road and utility purposes over, under, along and across that portion of lot 3 in section 30, township 15 South, range 2 East, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to the official plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County Standards, the center line of said strip being described as follows:

Beginning at the Northeasterly corner of the Northwest quarter of the Southwest quarter of said section 30; thence South 00° 55' 52" West 120.37 feet along the Easterly line of said Northwest quarter of the Southwest quarter to the true point of beginning of said center line; thence South 83° 48' 44" West 184.43 feet; thence North 89° 23' 37" West 96.40 feet to the beginning of a tangent 100.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06° 18' 37" a distance of 11.01 feet to a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as file no. 85-273609 Official Records.

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Easterly line of the Northeast quarter of the Southwest quarter of said section 30 and the Westerly line of said Dupree land.

Parcel 4:

An easement and right of way for road and utility purposes over, under, along and across that portion of section 30, township 15 South, range 2 East, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to the official plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County standards, the center line of said strip being described as follows:

Beginning at the Northeasterly corner of the Northwest quarter of the Southwest quarter of said section 30; thence South 00° 55' 52" West 120.37 feet along the Easterly line of said Northwest quarter of the southwest quarter to the point of beginning of the center line of a 22' Road Easement Per Doc. No. 1999-0190104 of Official Records dated, March 24, 1999; thence departing said Easterly line along said center line, South 83° 48' 44" West 184.43 feet; thence North 89° 23' 37" West 96.40 feet to the beginning of a tangent 100.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06° 18' 37" a distance of 11.01 feet to a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as file no. 85-273609, Official Records; thence South 83° 52' 13" West 102.44 feet to the beginning of a tangent 200.00 foot radius curve, concave Northeasterly; thence Westerly along the arc of said curve through a central angle of 36° 12' 37" a distance

*Legal description Continued*

of 126.40 feet; thence North 59° 55' 00" West 68.73 feet to the beginning of a tangent 100.00 foot radius curve, concave Northeasterly; thence Northwesterly along the arc of said curve through a central angle of 20° 09' 46" a distance of 35.19 feet; thence North 39° 45' 23" West 90.95 feet to the true point of beginning, also being a point on the Northerly line of the East 695 of the Northwest quarter of the Southwest quarter of section 30, township 15 South, range 2 East, San Bernardino Meridian; thence North 39° 45' 23" West 17.39 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Northwesterly along the arc of said curve through a central angle of 13° 28' 55" a distance of 23.53 feet; thence North 53° 14' 18" West 291.29 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Northwesterly along the arc of said curve through a central angle of 18° 20' 37" a distance of 32.01 feet; thence North 71° 34' 45" West 149.67 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Westerly along the arc of said curve through a central angle of 09° 33' 09" a distance of 16.67 feet; thence North 81° 07' 54" West 187.66 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Northwesterly along the arc of said curve through a central angle of 29° 07' 19" a distance of 50.83 feet; thence South 69° 44' 47" West 100.19 to a point on the Westerly line of the South half of lot 2 of section 30, township 15 South, range 2 East, according to official plat thereof, lying West of the center line of the creek as said creek existed August 30, 1945 described in Deed to Francis O. Lonergan recorded December 28, 1956 in book 6398, page 429 of Official Records.

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Westerly line of said portion of lot 2 section 30, township 15 South, range 2 East, according to official plat thereof, lying West of the center line of the creek as said creek existed August 30, 1945 described in Deed to Francis O. Lonergan, recorded December 28, 1956 in book 6398, page 429 of Official Records.

EXHIBIT B

**EXHIBIT "C"**

REALTY & MORTGAGE CO., FORM 74-B-6E
DEED OF TRUST AND ASSIGNMENT OF RENTS

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

REALTY & MORTGAGE CO.
7777 Alvarado Road, Suite 271
La Mesa, California 91941-3645

**7856**

ESCROW NO.            TITLE NO.

---

DOC # 2007-0023446

JAN 11, 2007    12:53 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        33.00    WAYS:    2
PAGES:          4      DA:     1

2007-0023446

---

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
## (SHORT FORM)

This DEED OF TRUST, made   **December 29, 2006**                    , between
**Steel Frame Building Systems, INc., J. L. Daley, Pres.**

herein called TRUSTOR,

whose address is  **211 Bullard Lane, Alpine, Ca. 91901**
(Number and Street)                              (City)                        (State)

**REAL PROPERTY TRUST DEED CORPORATION, a California corporation, herein called TRUSTEE, and**
**Shawn Setterberg and Michelle Setterberg, husband and wife as joint**
**tenants as to a 25% interest and James L. Daley, a married man as his**
**sole and seperate property, as to a 75% interest, as tenants in common**

, herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in trust, with power of sale, that property in the

County of  **San Diego**                         , State of California, described as:

**80 Acres - Bullard Lane, Alpine, Ca. 91901**
**APN 403-011-31 & 399-020-05**
**As per legal attached and made a part hereto:**

together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $ **558,000.00**                    with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Orange County August 17, 1964, and in all other counties August 18, 1964, in the book

## (continued on reverse side)

Page 1 of 4

and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of each county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 656 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 5039 | 124 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego | SERIES 5 | Book 1964, Page 149774 | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties, and printed on pages 3 and 4 hereof) are by the within reference thereto, incorporated herein and make a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefor does not exceed the maximum allowed by law.

Notwithstanding the provisions of the Fictitious Deeds of Trust referred to above, rate of interest referred to in Subdivision A, paragraph 5 and Subdivision B, paragraph 6 of the Fictitious Deeds of Trust shall be computed at the rate of interest shown in the Note secured by this Deed of Trust.

This Deed of Trust is given and accepted upon the express provision that should the property hereinbefore described, or any part thereof, be conveyed, or sold by Agreement for Sale of Real Estate, or further encumbered, either voluntarily or involuntarily or by operation of law, or if any additional advance be made under a prior encumbrance, without the written consent of the Beneficiary, then and in that event all sums secured hereby shall, at the option of the Beneficiary, become immediately due and payable.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA } ss.
COUNTY OF __San Diego__

On __December 29, 2006__ before me,
__Weldon W. Griffin, a notary public__
personally appeared __Linda L. Daley__

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Weldon W. Griffin_

Signature of Trustor

Steel Frame Building Systems, Inc.,

_Linda L. Daley_

Linda L. Daley, Sec/Trea





WELDON W. GRIFFIN
COMM. # 1699646
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Comm. Exp. Oct. 11, 2010

(This area for official notarial seal)



WELDON W. GRIFFIN
COMM. # 1699646
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Comm. Exp. Oct. 11, 2010

(continued on next page)

804815-33

7858

# Exhibit "A"

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Northerly line of the East 695 of the Northwest quarter of the Southwest quarter of section 30, township 15 South, range 2 East, San Bernardino Meridian.

Parcel 3:

An easement and right of way for road and utility purposes over, under, along and across that portion of lot 3 in section 30, township 15 South, range 2 East, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to the official plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County Standards, the center line of said strip being described as follows:

Beginning at the Northeasterly corner of the Northwest quarter of the Southwest quarter of said section 30; thence South 00° 55' 52" West 120.37 feet along the Easterly line of said Northwest quarter of the Southwest quarter to the true point of beginning of said center line; thence South 85° 48' 44" West 184.43 feet; thence North 89° 23' 37" West 98.40 feet to the beginning of a tangent 100.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06° 18' 37" a distance of 11.01 feet to a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as file no. 85-273609 Official Records.

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Easterly line of the Northeast quarter of the Southwest quarter of said section 30 and the Westerly line of said Dupree land.

Parcel 4:

An easement and right of way for road and utility purposes over, under, along and across that portion of section 30, township 15 South, range 2 East, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to the official plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County standards, the center line of said strip being described as follows:

Beginning at the Northeasterly corner of the Northwest quarter of the Southwest quarter of said section 30; thence South 00° 55' 52" West 120.37 feet along the Easterly line of said Northwest quarter of the southwest quarter to the point of beginning of the center line of a 22' Road Easement Per Doc. No. 1999-0190104 of Official Records dated, March 24, 1999; thence departing said Easterly line along said center line, South 85° 48' 44" West 184.43 feet; thence North 89° 23' 37" West 98.40 feet to the beginning of a tangent 100.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06° 18' 37" a distance of 11.01 feet to a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as file no. 85-273609, Official Records; thence South 83° 52' 13" West 102.44 feet to the beginning of a tangent 200.00 foot radius curve, concave Northeasterly; thence Westerly along the arc of said curve through a central angle of 36° 12' 37" a distance

*Legal description Continued*

of 126.40 feet; thence North 59° 55' 09" West 68.73 feet to the beginning of a tangent 100.00 foot radius curve, concave Northeasterly; thence Northwesterly along the arc of said curve through a central angle of 20° 09' 46" a distance of 35.19 feet; thence North 39° 45' 23" West 90.95 feet to the true point of beginning, also being a point on the Northerly line of the East 695 of the Northwest quarter of the Southwest quarter of section 30, township 15 South, range 2 East, San Bernardino Meridian; thence North 39° 45' 23" West 17.39 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Northwesterly along the arc of said curve through a central angle of 13° 28' 55" a distance of 23.53 feet; thence North 53° 14' 18" West 291.28 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Northwesterly along the arc of said curve through a central angle of 18° 20' 27" a distance of 32.01 feet; thence North 71° 34' 45" West 149.67 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Westerly along the arc of said curve through a central angle of 09° 33' 09" a distance of 16.67 feet; thence North 81° 07' 54" West 187.66 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Northwesterly along the arc of said curve through a central angle of 29° 07' 19" a distance of 50.83 feet; thence South 69° 44' 47" West 100.19 to a point on the Westerly line of the South half of lot 2 of section 30, township 15 South, range 2 East, according to official plat thereof, lying West of the center line of the creek as said creek existed August 30, 1945 described in Deed to Francis O. Lonergan recorded December 28, 1956 in book 6398, page 429 of Official Records.

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Westerly line of said portion of lot 2 section 30, township 15 South, range 2 East, according to official plat thereof, lying West of the center line of the creek as said creek existed August 30, 1945 described in Deed to Francis O. Lonergan, recorded December 28, 1956 in book 6398, page 429 of Official Records.

804815-33

7859

**Parcel 1:**

The South half of the Northeast quarter of section 25, township 15 South, range 1 East, San Bernardino Meridian, in the County of San Diego, State of California, according to the official plat thereof, and that portion of the South half of lot 2 of section 30, township 15 South, range 2 East, San Bernardino Meridian, according to official plat thereof, lying West of the center line of the Creek as said Creek existed August 30, 1945, described in Deed to Francis O. Lonergan, recorded December 28, 1956 in book 6398, page 429 of Official Records, described as a whole as follows:

Beginning at the Northwest corner of the southwest quarter of the Southwest quarter of the Northwest quarter of section 30 township 15 South, range 2 East, San Bernardino Meridian; thence South 80° 00' 32" East 550.70 feet to a point on a non-tangent 110.00 foot radius curve concave to the Northwest, with a radial bearing of North 88° 12' 03" East; thence Southerly along said curve through a central angle of 49° 49' 37" a distance of 95.66 feet; thence South 48° 01' 40" West 26.12 feet to the beginning of a tangent 5.00 foot radius curve concave to the East, thence Southerly along said curve through a central angle of 82° 33' 04" a distance of 7.20 feet to the beginning of a tangent 40.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 28° 10' 32" a distance of 19.67 feet; thence South 62° 41' 56" East 100.09 feet to the beginning of a tangent 90.00 foot radius curve concave to the West, thence Southerly along said curve through a central angle of 92° 37' 30" a distance of 145.50 feet to the beginning of a tangent 30.00 foot radius curve concave to the East, thence Southerly along said curve through a central angle of 79° 08' 12" a distance of 41.44 feet; thence South 49° 12' 38" East 47.00 feet to the beginning of a tangent 135.00 foot radius curve concave to the Southwest, thence Southerly along said curve through a central angle of 27° 59' 25" a distance of 65.95 feet to the beginning of a tangent 105.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 46° 20' 37" a distance of 84.93 feet to the beginning of a tangent 135.00 foot radius curve concave to the Southwest, thence Southerly along said curve through a central angle of 39° 38' 42" a distance of 93.41 feet; thence South 27° 55' 08" East 94.00 feet to the beginning of a tangent 120.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 39° 34' 02" a distance of 82.87 feet; thence North 89° 09' 37" West 55.86 feet to a point on a non-tangent 150.00 foot radius curve concave to the Northeast, with a radial bearing of North 42° 44' 23" East; thence Northerly along said curve through a central angle of 19° 20' 29" a distance of 50.64 feet; thence North 27° 55' 08" West 94.00 feet to the beginning of a tangent 105.00 foot radius curve concave to the Southwest, thence Northerly along said curve through a central angle of 39° 38' 42" a distance of 72.65 feet to the beginning of a tangent 135.00 foot radius curve concave to the Northeast, thence Northerly along said curve through a central angle of 46° 20' 37" a distance of 109.19 feet to the beginning of a tangent 105.00 foot radius curve concave to the Southwest, thence Northerly along said curve through a central angle of 27° 59' 25" a distance of 51.29 feet; thence North 49° 12' 38" West 47.00 feet; thence North 40° 25' 30" West 416.08 feet; thence North 89° 00' 32" West 351.85 feet; thence South 00° 42' 44" West 628.74 feet; thence South 89° 47' 05" West 2585.99 feet; thence North 00° 12' 39" East 1369.75 feet; thence North 89° 33' 21" East 2597.65 feet; thence South 00° 42' 44" West 669.25 feet to the true point of beginning.

As described in Certificate of Compliance recorded January 13, 2005 as file no. 2005-0033200 of Official Records of San Diego County.

*Legal description Continued*

**Parcel 2:**

An easement and right of way for road and utility purposes over, under, along and across that portion of section 30, township 15 South, range 2 East, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to the official plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County standards, the center line of said strip being described as follows:

Beginning at the Northeasterly corner of the Northwest quarter of the Southwest quarter of said section 30; thence South 00° 55' 52" West 120.37 feet along the Easterly line of said Northwest quarter of the Southwest quarter to the point of beginning of the center line of a 22' Road Easement per Doc. No. 1999-0190104 of Official Records dated, March 24, 1999; thence departing said Easterly line along said center line, South 85° 48' 44" West 184.43 feet; thence North 89° 23' 37" West 98.40 feet to the beginning of a tangent 100.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06° 18' 37" a distance of 11.01 feet to the true point of beginning. also being a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as file no. 85-273609, Official Records; thence South 83° 52' 13" West 102.44 feet to the beginning of a tangent 200.00 foot radius curve, concave Northeasterly; thence Westerly along the arc of said curve through a central angle of 36° 12' 37" a distance of 126.40 feet; thence North 59° 55' 09" West 68.73 feet to the beginning of a tangent 100.00 foot radius curve, concave Northeasterly; thence Northwesterly along the arc of said curve through a central angle of 20° 09' 46" a distance of 35.19 feet; thence North 39° 45' 23" West 90.95 feet to a point on the Northerly line of the East 695 of the Northwest quarter of the Southwest quarter of section 30, township 15 South, range 2 East, San Bernardino Meridian.

Page 1 of 2

EXHIBIT "D"

REALTY & MORTGAGE CO., FORM 74-B-5E
DEED OF TRUST AND ASSIGNMENT OF RENTS

**10887x**

RECORDING REQUESTED BY:

**CALIFORNIA TITLE COMPANY**
WHEN RECORDED MAIL TO:

REALTY & MORTGAGE CO.
7777 Alvarado Road, Suite 271
La Mesa, California 91941-3845

ESCROW NO. 2705      TITLE NO. 898952—33

DOC #    2007-0554414

AUG 20, 2007    4:59 PM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:           28.00    WAYS:    2
PAGES:          5        DA:      1

2007-0554414

SPACE ABOVE THIS LINE FOR RECORDERS USE

## DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (SHORT FORM)

This DEED OF TRUST, made  August 20, 2007                                             , between
**Steel Frame Building Systems, Inc., J. L. Daley, Pres.**

herein called TRUSTOR,

whose address is  **211 Bullard Lane, Alpine, Ca. 91901**
(Number and Street)                          (City)                          (State)

**ALLISON-McCLOSKEY ESCROW COMPANY**, a California corporation, herein called TRUSTEE, and

**The Ashley 1989 Trust under Declaration of Trust dated August 11, 1989**
**Melanie Joy Kelley, Successor Trustee**

, herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in trust, with power of sale, that property in the

County of  **San Diego**                          , State of California, described as:

**APN 403-011-31 & 399-020-05**

**As per legal attached and made a part hereto:**

together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $ **350,000.00**                          with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Orange County August 17, 1964, and in all other counties August 18, 1964, in the book

### (continued on reverse side)

Page 1 of 4

and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of each county, namely:

10787 A

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 5089 | 124 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 472 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego | SERIES 5 | | Book 1964, Page 149774 | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties, and printed on pages 3 and 4 hereof) are by the within reference thereto, incorporated herein and make a part of this Deed of Trust for all purposes as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefor does not exceed the maximum allowed by law.

Notwithstanding the provisions of the Fictitious Deeds of Trust referred to above, rate of interest referred to in Subdivision A, paragraph 5 and Subdivision B, paragraph 6 of the Fictitious Deeds of Trust shall be computed at the rate of interest shown in the Note secured by this Deed of Trust.

This Deed of Trust is given and accepted upon the express provision that should the property hereinbefore described, or any part thereof, be conveyed, or sold by Agreement for Sale of Real Estate, or further encumbered, either voluntarily or involuntarily or by operation of law, or if any additional advance be made under a prior encumbrance, without the written consent of the Beneficiary, then and in that event all sums secured hereby shall, at the option of the Beneficiary, become immediately due and payable.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA
COUNTY OF San Diego }ss.
On August 20, 2007 before me,
Weldon W. Griffin Notary Public,
personally appeared J. L. Daley

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

Signature of Trustor

Steel Frame Building Systems, Inc.

PRESIDENT

J. L. Daley, Pres



(This area for official notarial seal)

(continued on next page)

EXHIBIT

Order No. 898952-33

## Exhibit "A"



**10888**

**Parcel 1:**

The South half of the Northeast quarter of section 25, township 15 South, range 1 East, San Bernardino Meridian, in the County of San Diego, State of California, according to the official plat thereof, and that portion of the South half of lot 2 of section 30, township 15 South, range 2 East, San Bernardino Meridian, according to official plat thereof, lying West of the center line of the Creek as said Creek existed August 30, 1945, described in Deed to Francis O. Lonergan, recorded December 28, 1956 in book 6398, page 429 of Official Records, described as a whole as follows:

Beginning at the Northwest corner of the southwest quarter of the Southwest quarter of the Northwest quarter of section 30 township 15 South, range 2 East, San Bernardino Meridian; thence South 80° 06' 32" East 550.70 feet to a point on a non-tangent 110.00 foot radius curve concave to the Northwest, with a radial bearing of North 55° 12' 03" East; thence Southerly along said curve through a central angle of 49° 49' 37" a distance of 95.66 feet; thence South 45° 01' 49" West 26.12 feet to the beginning of a tangent 5.00 foot radius curve concave to the East, thence Southerly along said curve through a central angle of 82° 33' 04" a distance of 7.20 feet to the beginning of a tangent 40.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 28° 10' 32" a distance of 19.67 feet; thence South 62° 41' 56" East 100.09 feet to the beginning of a tangent 90.00 foot radius curve concave to the West, thence Southerly along said curve through a central angle of 92° 37' 30" a distance of 145.50 feet to the beginning of a tangent 30.00 foot radius curve concave to the East, thence Southerly along said curve through a central angle of 79° 08' 12" a distance of 41.44 feet; thence South 49° 12' 38" East 47.90 feet to the beginning of a tangent 135.00 foot radius curve concave to the Southwest, thence Southerly along said curve through a central angle of 27° 59' 25" a distance of 65.95 feet to the beginning of a tangent 105.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 46° 20' 37" a distance of 84.93 feet to the beginning of a tangent 135.00 foot radius curve concave to the Southwest, thence Southerly along said curve through a central angle of 39° 38' 42" a distance of 93.41 feet; thence South 27° 55' 08" East 94.00 feet to the beginning of a tangent 120.00 foot radius curve concave to the Northeast, thence Southerly along said curve through a central angle of 39° 34' 02" a distance of 82.87 feet; thence North 85° 09' 37" West 55.86 feet to a point on a non-tangent 150.00 foot radius curve concave to the Northeast, with a radial bearing of North 42° 44' 23" East; thence Northerly along said curve through a central angle of 19° 20' 29" a distance of 50.64 feet; thence North 27° 55' 06" West 94.00 feet to the beginning of a tangent 105.00 foot radius curve concave to the Southwest, thence Northerly along said curve through a central angle of 39° 38' 42" a distance of 72.65 feet to the beginning of a tangent 135.00 foot radius curve concave to the Northeast, thence Northerly along said curve through a central angle of 46° 20' 37" a distance of 109.19 feet to the beginning of a tangent 105.00 foot radius curve concave to the Southwest, thence Northerly along said curve through a central angle of 27° 59' 25" a distance of 51.29 feet; thence North 49° 12' 38" West 47.00 feet; thence North 49° 23' 30" West 416.08 feet; thence North 89° 00' 32" West 351.85 feet; thence South 00° 42' 44" West 628.74 feet; thence South 89° 47' 05" West 2585.99 feet; thence North 00° 12' 39" East 1369.75 feet; thence North 89° 33' 21" East 2597.65 feet; thence South 00° 42' 44" West 669.25 feet to the true point of beginning.

As described in Certificate of Compliance recorded January 13, 2005 as file no. 2005-0033200 of Official Records of San Diego County.

**Parcel 2:**

An easement and right of way for road and utility purposes over, under, along and across that portion of section 30, township 15 South, range 2 East, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to the official plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County standards, the center line of said strip being described as follows:

Beginning at the Northeasterly corner of the Northwest quarter of the Southwest quarter of said section 30; thence South 00° 55' 52" West 120.37 feet along the Easterly line of said Northwest quarter of the Southwest quarter to the point of beginning of the center line of a 22' Road Easement per Doc. No. 1999-0190104 of Official Records dated, March 24, 1999; thence departing said Easterly line along said center line, South 83° 45' 44" West 194.43 feet; thence North 89° 23' 37" West 98.40 feet to the beginning of a tangent 160.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06° 18' 37" a distance of 11.01 feet to the true point of beginning, also being a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as file no. 85-273609, Official Records; thence South 83° 52' 13" West 102.44 feet to the beginning of a tangent 200.00 foot radius curve, concave Northeasterly; thence Westerly along the arc of said curve through

*Legal description Continued*

**EXHIBIT**

**10889**

Order No. 898952-33

a central angle of 36° 12' 37" a distance of 126.40 feet; thence North 59° 55' 09" West 68.73 feet to the beginning of a tangent 100.00 foot radius curve, concave Northeasterly; thence Northwesterly along the arc of said curve through a central angle of 20° 05' 46" a distance of 35.19 feet; thence North 39° 45' 23" West 90.95 feet to a point on the Northerly line of the East 695 of the Northwest quarter of the Southwest quarter of section 30, township 15 South, range 2 East, San Bernardino Meridian.

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Northerly line of the East 695 of the Northwest quarter of the Southwest quarter of section 30, township 15 South, range 2 East, San Bernardino Meridian.

Parcel 3:

An easement and right of way for road and utility purposes over, under, along and across that portion of lot 3 in section 30, township 15 South, range 2 East, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to the official plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County Standards, the center line of said strip being described as follows:

Beginning at the Northeasterly corner of the Northwest quarter of the Southwest quarter of said section 30; thence South 00° 55' 52" West 120.37 feet along the Easterly line of said Northwest quarter of the Southwest quarter to the true point of beginning of said center line; thence South 83° 48' 44" West 184.43 feet; thence North 89° 23' 37" West 98.40 feet to the beginning of a tangent 100.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06° 18' 37" a distance of 11.01 feet to a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as file no. 85-273609 Official Records.

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Easterly line of the Northeast quarter of the Southwest quarter of said section 30 and the Westerly line of said Dupree land.

Parcel 4:

An easement and right of way for road and utility purposes over, under, along and across that portion of section 30, township 15 South, range 2 East, San Bernardino Base and Meridian, in the County of San Diego, State of California, according to the official plat thereof lying within a strip of land 40.00 feet wide, together with the right to construct and maintain slopes required to construct Road to County standards, the center line of said strip being described as follows:

Beginning at the Northeasterly corner of the Northwest quarter of the Southwest quarter of said section 30; thence South 00° 55' 52" West 120.37 feet along the Easterly line of said Northwest quarter of the southwest quarter to the point of beginning of the center line of a 22" Road Easement Per Doc. No. 1999-0190104 of Official Records dated, March 24, 1999; thence departing said Easterly line along said center line, South 83° 48' 44" West 184.43 feet; thence North 89° 23' 37" West 98.40 feet to the beginning of a tangent 100.00 foot radius curve, concave Southeasterly; thence Westerly along the arc of said curve through a central angle of 06° 18' 37" a distance of 11.01 feet to a point on the Westerly line of land described in Deed to Rick Dupree recorded July 31, 1985 as file no. 85-273609, Official Records; thence South 83° 52' 13" West 102.44 feet to the beginning of a tangent 200.00 foot radius curve, concave Northeasterly; thence Westerly along the arc of said curve through a central angle of 34° 12' 37" a distance of 126.40 feet; thence North 59° 55' 09" West 68.73 feet to the beginning of a tangent 100.00 foot radius curve, concave Northeasterly; thence Northwesterly along the arc of said curve through a central angle of 20° 05' 46" a distance of 35.19 feet; thence North 39° 45' 23" West 90.95 feet to the true point of beginning, also being a point on the Northerly line of the East 695 of the Northwest quarter of the Southwest quarter of section 30, township 15 South, range 2 East, San Bernardino Meridian; thence North 39° 45' 23" West 17.39 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Northwesterly along the arc of said curve through a central angle of 13° 28' 55" a distance of 23.53 feet; thence North 53° 14' 18" West 291.28 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Northwesterly along the arc of said curve through a central angle of 18° 26' 27" a distance of 32.01 feet; thence North 71° 34' 45" West 149.67 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Westerly along the arc of said curve through a central angle of 05° 33' 09" a distance of 16.67 feet; thence North 81° 07' 54" West 187.66 feet to the beginning of a tangent 100.00 foot radius curve, concave Southwesterly; thence Northwesterly along the arc of said curve through a central angle of 29° 07' 19" a distance of 50.83 feet; thence South 69° 44' 47" West 100.19 to a point on the Westerly line of the South half of lot 2 of section 30, township 15 South, range 2 East, according to official plat thereof, lying West of the center line of the creek as said creek existed August 30, 1945 described in Deed to Francis O. Lonergan recorded December 28, 1956 in book 6398, page 429 of Official Records.

The sidelines of said 40 foot strip to be lengthened and/or shortened so as to terminate at the Westerly line of said portion of lot 2 section 30, township 15 South, range 2 East, according to official plat thereof, lying West of the center line of the creek as said

EXHIBIT

**EXHIBIT "E"**

Recording requested
**CALIFORNIA TITLE COM...**

RECORDING REQUESTED BY

When recorded mail to:

Realty & Mortgage Co.
7777 Alvarado Road #271
La Mesa, CA 91941

Misc. #16315

**10876**

780225491-5

DOC # 2007-0554412

AUG 20, 2007    4:59 PM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:              9.00
PAGES:             1          DA:        1

2007-0554412

# FULL RECONVEYANCE

ALLISON-McCLOSKEY ESCROW COMPANY, a California corporation, as Trustee, under Deed of Trust executed by, **Steel Frame Building Systems, Inc., J. L. Daley, President,** herein called Trustor, recorded, **November 23, 2005 as File Number 2005-1015185 of Official Records of San Diego County, California** having been duly requested to reconvey the property therein mentioned by reason of the satisfaction of the indebtedness secured by said Deed of Trust, does hereby RECONVEY to the Person or Persons Legally Entitled Thereto, but without warranty, all of the property covered by said Deed of Trust.

IN WITNESS WHEREOF, said Allison-McCloskey Escrow Company, as Trustee, has caused its corporate name and seal to be hereunto affixed by its President hereunto duly authorized, this 6th day of August 2007.

STATE OF CALIFORNIA}
                    } S.S.
COUNTY OF SAN DIEGO}

On August 6, 2007, before me the undersigned, Florence G. Kaisley a Notary Public in and for said County and State, personally appeared Bill McCloskey personally known to me (or proved to me on the basis of satisfactory evidence) to the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument.

NOTE:   For reference purposes only, the following is a brief description of the property covered by the above mentioned Deed of Trust.

The South half of the Northeast Quarter of Section 25, Township 15 South, Range 1 East, San Bernardino Meridian, in the County of San Diego, State of California, according to the Official Plat thereof, and that portion of the South half of lot 2 of Section 30, Township 15 South, Range 2 East, San Bernardino Meridian, according to Official Plat thereof, lying West of the center line of the Creek as said Creek existed August 30, 1945, described in Deed of Francis O. Lonergan, recorded December 28, 1956 in book 6398, page 429 of Official Records.

WITNESS my hand and official seal.

Signature

ALLISON-MCCLOSKEY ESCROW COMPANY, TRUSTEE

By _____
              Bill McCloskey, President

FLORENCE G. KAISLEY
COMM. #1480850
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires
APRIL 6, 2008

**EXHIBIT**