```
 1  RUDOLPH LAW FIRM
    Gary B. Rudolph, Esq. SBN 101921
 2  864 Grand Avenue – P. O. Box 433
 3  San Diego, California 92109
    (858) 412-6822 [telephone and facsimile]
 4  (619) 517-7641 [cellular]
    gary@dolphlaw.com
 5  Attorney for Plaintiff Gerald H. Davis, Chapter 7 Trustee
 6
    Shirlyn Daddario  SBN 127148
 7  Attorney at Law
    6960 Flanders Drive
 8  San Diego, California 92121
    (858) 225-3839 telephone
 9  (858) 450-9177 facsimile
10  daddario@geoconinc.com
    Proposed Special Counsel for Plaintiff Gerald H. Davis,
11  Chapter 7 Trustee
12
13                  UNITED STATES BANKRUPTCY COURT
14                  SOUTHERN DISTRICT OF CALIFORNIA
15  In re
16  STEEL FRAME BUILDING SYSTEMS, INC.,    )  Case No. 07-06112-A7
                                           )
17              Debtor                     )  Adv. Proc. No. 09-90417-LA
                                           )
18  _____    )  EX PARTE APPLICATION FOR
                                           )  AUTHORITY TO RETAIN SPECIAL
19  GERALD H. DAVIS, TRUSTEE,              )  COUNSEL
                                           )
20              Plaintiff                  )
                                           )
21  v.                                     )
                                           )
22  THE ASHLEY 1989 TRUST UNDER            )
    DECLARATION OF TRUST DATED             )
23  AUGUST 11, 1989, MELANIE JOY KELLY,    )
    SUCCESSOR TRUSTEE; JAMES L. DALEY,     )
24  an individual; JULIA LYNN KIRBY,       )
    an individual; SHAWN SETTERBERG,       )
25  an individual; and MICHELLE SETTERBERG,)
    an individual,                         )
26                                         )
                Defendants.                )
27  _____    )
28
```

*Ex Parte* Application for Authority to Retain Special Counsel

1

TO:   THE HONORABLE LOUISE ADLER, U.S. BANKRUPTCY JUDGE:

Gerald H. Davis, Chapter 7 Trustee in the matter of *In re: Steel Frame Building Systems* and plaintiff in the adversary action entitled *Gerald H. Davis, Trustee v. The Ashley 1989 Trust Under Declaration of Trust Dated August 11, 1989, Melanie Joy Kelly, Successor Trustee, et. al.*, respectfully applies to this court for authority to retain Special Counsel as follows:

1. On October 31, 2007, Debtor Steel Frame Building Systems filed its Chapter 7 petition in this district, the day before Steel Frame Building Systems' President was to have appeared for a debtor's exam pursuant to the order of the Honorable Rafael A. Arreola. The cause of the filing was to prevent the debtor's exam and execution by Creditors Darren Tharp and Dominique Tharp on a Judgment entered August 30, 2007 against Steel Frame Building Systems in the sum of $614,007.97 after binding arbitration before the Honorable Robert May, Retired, in the matter of *Darren Tharp and Dominique Tharp v. James L. Daley and Steel Frame Building Systems, Inc.* JAMS Case Number 1240017908. on November 1, 2007, the day after filing the Chapter 7,

2. During investigation and formal discovery, it was revealed that Debtor Steel Frame Building System, Inc.'s [hereinafter "SFBS"] President, James L. Daley, had been involved in self-dealing, and had taken approximately $575,777.00 in monetary assets out of SFBS for his own personal uses and to avoid payment of those sums on the Judgment against SFBS by Creditors Darren and Dominique Tharp, [hereinafter "Tharps"]. In his §2004 Examination, dated June 22, 2009, James Daley admitted he had taken the approximate sum of $225,000 in cash out of SFBS;

3. On January 11, 2007, approximately 3 days after the tentative ruling by Judge May was issued, James Daley created a note in the sum of $558,000 in favor of himself, his son, Shawn Setterberg and daughter-in-law, Michelle Setterberg. James Daley holds a 75% interest in the note and the Setterbergs hold a 25% interest in the note. There is no apparent consideration for this Note and Deed of Trust, other than to deplete the assets of Debtor SFBS to avoid the payment of the judgment to the Tharps;

4. Between the note for $558,000 created as set forth in paragraph 3 above, and the approximately $575,000 James Daley took out of Debtor SFBS, it appears Daley owes approximately

$993,500 to the SFBS bankruptcy estate. All of these monies were taken out of Debtor SFBS within the statutory two year window prior to Debtor SFBS filing for Chapter 7 bankruptcy;

5.  On August 20, 2007, Daley obtained a $350,000 loan from the Julia Kirby Trust against the Debtor SFBS property;

6.  The $350,000 taken against the assets of Debtor SFBS was not listed in the Schedules filed in this Chapter 7 proceeding;

7.  James Daley never disclosed that he had taken the loan for $350,000 against the assets of Debtor SFBS in the Schedules filed with the Bankruptcy Court. He only confessed he had taken the $350,000 out of Debtor SFBS when confronted by Creditors Tharp with the Deed of Trust at the first §341 meeting of creditors;

8.  Through investigation, it has been ascertained that of the $350,000 loan proceeds obtained by Daley on or about August 20, 2007, approximately $140,000 was used to pay off an existing note in favor of the Julia Kirby Trust and against the SFBS property. Daley had refused to disclose where the remaining $210,000 went or what he did with it until forced to in the §2004 examination;

9.  Shirlyn Daddario has assisted in developing evidence that has led, in part, to Trustee Gerald H. Davis filing an adversary action, currently before the Court through the First Amended Complaint for Avoidance and Recovery of Preferential and Fraudulent Transfers of Property and For Turnover and Other Relief [11 USC §§542, 544, 547, 548, 550 and California Civil Code §§3439.04 and 3439.05];

10. Trustee Davis believes that there are numerous issues relating to the adversary proceeding that require competent counsel to assist and advise him. In that Ms. Daddario has already assisted in discovering assets that are owed by defendants in the Trustee's adversary action to the SFBS bankruptcy estate, it is believed Ms. Daddario's knowledge of the case will be of particular value to the Trustee. Trustee Davis proposes to employ the Law Offices of Shirlyn Daddario, by Shirlyn Daddario as Special Counsel in this proceeding for purposes including, but not limited to, the following:

   a.  To advise and consult with Trustee Davis concerning questions arising in the conduct of the prosecution of the adversary proceeding;

b. To advise and consult with Trustee Davis concerning questions arising in the conduct of Defendants James Daley, Michelle and Shawn Setterberg, and Julia Kirby in converting funds and preferential transfers from the debtor estate;

c. To advise and assist Trustee Davis in vigorously pursuing, tracing and recovering assets converted by Defendants Daley and Setterberg for their personal use and for the purpose of depleting all assets of the Debtor SFBS to avoid payment to creditors of the estate;

d. To appear in, prosecute, defend or represent the Trustee's interests in suits arising and related to the adversary proceeding, including future potential litigation;

e. To investigate and prosecute through the adversary proceeding, turnover, preference and other similar actions arising under the estate's avoiding powers; and

11. The Trustee believes that the Law Offices of Shirlyn Daddario and Shirlyn Daddario possess the necessary expertise and familiarity with litigation, civil and bankruptcy procedure, and the duties and affairs of the Trustee, which will enable her to represent him in prosecuting the adversary action. The experience of Shirlyn Daddario is set forth in the accompanying declaration;

12. The Trustee believes that the Law Offices of Shirlyn Daddario are disinterested and do not hold or represent any interest adverse to him or to the bankruptcy estate;

13. The Law Offices of Shirlyn Daddario and Shirlyn Daddario have received no retainer or compensation in this matter;

14. The signed fee agreement between Trustee Davis and Shirlyn Daddario is lodged with this Court as Exhibit 1, which is filed herewith and incorporated herein;

15. The hourly rate charged by Shirlyn Daddario for this Chapter 7 and Adversary proceeding are as follows:

    i. Shirlyn Daddario    $250.00
    ii. Law clerk    $ 90.00
    iii. Paralegal    $ 70.00

16. These rates are subject to change after notification to the Trustee;

17. For the foregoing and all other necessary and property purposes, Trustee Gerald H. Davis proposes to retain the Law Offices of Shirlyn Daddario as its Special Counsel on an hourly basis

*Ex Parte* Application for Authority to Retain Special Counsel

pursuant to 11 USC §327. Further, the Trustee proposes that the Law Offices of Shirlyn Daddario receive, if appropriate, interim compensation pursuant to 11 USC §331. No compensation will be paid by Trustee Davis or any other person or entity for services rendered to the Trustee, except upon application and entry of an order of the court authorizing payment to the Law Offices of Shirlyn Daddario;

Wherefore, Trustee Gerald H. Davis prays that this Court will enter its order approving the employment of the Law Offices of Shirlyn Daddario as its Special Counsel to render services in the areas described above with compensation to be paid as an administrative expense in such amounts as this Court may determine and allow.

Dated: April 26, 2010

_____
Gerald H. Davis, Trustee

*Ex Parte* Application for Authority to Retain Special Counsel

5